14-1509-cr
*United States v. Daffe*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
              REENA RAGGI,
              DENNY CHIN,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee*,

          v.                                  No. 14-1509-cr

MAHAMADOU DAFFE, AKA Sealed Defendant 1,
AKA Guinaba Sacko, AKA Namory Keita,

       *Defendant-Appellant*,

MOHAMED SANGARE, AKA Desire Kakou,
AKA Malick Sangare, AKA Jean Tape,
AYITE GAZOZO ATASSEY GABA, AKA Ayite Gaba,
AKA Terrence Gaba, AKA Fally Diallo,

       *Defendants.*<sup>*</sup>

---

**FOR MAHAMADOU DAFFE:**           JEREMY GUTMAN, New York, NY.

---

<sup>*</sup> The Clerk of Court is directed to amend the official caption to conform with the above.

**FOR UNITED STATES OF AMERICA:**   SARAH E. MCCALLUM (Carolina A. Fornos, Michael A. Levy, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Mahamadou Daffe appeals from the District Court's April 24, 2014 judgment convicting him, after a jury trial, of conspiracy to steal government funds, theft of government funds, false claims conspiracy, conspiracy to commit wire fraud, and aggravated identify theft, and sentencing him principally to 102 months' imprisonment and three years' supervised release. The only issue on appeal is whether the District Court erred in denying Daffe's motion to suppress evidence obtained from a consent search of his apartment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When evaluating a district court's decision denying a motion to suppress, we review the district court's factual findings for clear error, viewing the evidence in the light most favorable to the government." *United States v. Moreno*, 701 F.3d 64, 72 (2d Cir. 2012) (internal quotation marks omitted). "When findings are based on determinations regarding the credibility of witnesses," we accord "even greater deference to the trial court's findings." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985). "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973); *accord Moreno*, 701 F.3d at 72, 76–78.

Upon review of the record and the relevant law, we conclude that the District Court correctly denied Daffe's motion to suppress. The Government's witness, Special Agent Anthony Ragusa, testified that Daffe orally consented to the search after federal agents arrived at his apartment without forcible entry, without drawing their weapons, without handcuffing Daffe, and after reading him his *Miranda* rights. Special Agent Ragusa further testified that the agents did not raise their voices and that Daffe's demeanor remained calm and cooperative throughout. Moreover, Daffe subsequently signed a written consent form memorializing his prior oral consent. The District Court explicitly credited Special Agent Ragusa's testimony, and we see no reason to disturb that finding.

Daffe argues that the number of agents present and the fact that the agents did not inform Daffe that he could refuse consent rendered his consent involuntary. While these are both relevant

2

factors, when viewed in light of the entire evidentiary record, they do not compel a finding of involuntariness. *See United States v. Drayton*, 536 U.S. 194, 206–07 (2002); *United States v. Isiofia*, 370 F.3d 226, 234 (2d Cir. 2004). Accordingly, in view of the totality of the circumstances, we discern no error, much less clear error, in the District Court's finding that Daffe's consent to the search was voluntary.

## CONCLUSION

We have considered all of the arguments raised by Daffe on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's April 24, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3